```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

SAM M. HOPE, II,

    Plaintiff,

v.                              Civil Action No. 2:12-cv-6559

THE BOARD OF DIRECTORS OF KANAWHA
PUBLIC SERVICE DISTRICT and
KANAWHA PUBLIC SERVICE DISTRICT,
a political subdivision, and
DAVID HOWELL, C.P.A., individually
and in his capacity as Chairman
of the Kanawha Public Service District,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the parties' joint motion for a stay of order and notice deadlines and discovery in advance of a ruling on the defendants' motions to dismiss, filed December 4, 2012.

This suit arises from plaintiff Sam Hope's September 13, 2012 termination from his employment with the Kanawha Public Service District ("KPSC"). He asserts that his discharge was in retaliation for complaints he made to the West Virginia Ethics Commission and to the Public Service Commission of West Virginia. His complaint alleges violation of the West Virginia whistle blower statute, discharge in contravention of public policy, constitutional torts, and intentional infliction of emotional distress.

On October 12, 2012, defendant David Howell, the chairman of the KPSC Board of Directors, filed a motion to dismiss, and on October 19, the remaining defendants filed a similar motion. The motions collectively asserts that 1) Hope has not met the pleading standards, 2) Howell is immune from personal liability for his actions as a board member and is otherwise entitled to qualified immunity, 3) allegations of public policy violations are preempted by the West Virginia whistle blower statute, and 4) the KPSD Board is immune from liability to the extent that Hope's allegations are personally directed against board members in their individual capacities. The parties contend that because most of the issues before the court are legal issues which should be dispositive, proceeding with discovery now would be a waste of judicial resources.

Federal Rule of Civil Procedure 26(c) provides that [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under [Rule] 26(c) to stay discovery pending

disposition of the 12(b)(1) motion."), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988).

In the interest of efficiency and in light of the parties' unanimous agreement, the court finds good cause to permit the requested stay. The court, accordingly, ORDERS as follows:

1. That the joint motion for a stay pending resolution of the motion to dismiss be, and it hereby is, granted; and

2. That this civil action be, and it hereby is, stayed pending a ruling on the motion.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: December 5, 2012

_____
John T. Copenhaver, Jr.
United States District Judge